IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DARRELL KENNETH WALLACE, | } | |
| TDCJ-CID NO. 00541290, | | |
| Petitioner, | } | |
| v. | } | CIVIL ACTION NO. G-06-0799 |
| | } | |
| NATHANIEL QUARTERMAN, | } | |
| Respondent. | } | |

OPINION ON DISMISSAL

While confined in the Texas Department of Criminal Justice—Correctional Institutions Division ("TDCJ-CID"), [1] petitioner Darrell Kenneth Wallace filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2005 parole revocation and the attendant actions of the Texas Board of Pardons and Paroles ("the Board"). (Docket Entry No.1). Respondent has filed a motion summary judgment on the ground that petitioner's habeas action is time-barred (Docket Entry No.16), and petitioner has filed a response to the motion. (Docket Entry No.18). Considering the pleadings, summary judgment evidence, and the entire record, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

Background

Petitioner reports that he was convicted of delivery of a controlled substance in cause number 20505 in the 3rd Criminal District Court of Anderson County, Texas, pursuant to a plea of guilty. On February 16, 1990, the state district court sentenced him to thirty years confinement in TDCJ-CID. (Docket Entry No.1). Petitioner did not seek relief from this conviction in state or federal court. (*Id.*). On June 17, 2003, petitioner was released on parole

---

[1] Petitioner was released from TDCJ-CID on November 7, 2007. (Docket Entry No.21).

1

only to have his parole revoked on March 30, 2005, for violating the conditions of his release. (Docket Entry No.16). Petitioner challenged his parole revocation by filing a state habeas application on June 2, 2006, which the Texas Court of Criminal Appeals denied without written order on October 11, 2006. *Ex parte Wallace*, Application No.WR-65-806-01. Petitioner filed this action in federal court on December 4, 2006.[1] (Docket Entry No.1).

Petitioner seeks federal habeas relief on the following grounds:

1. The Texas Board of Pardons and Paroles violated the separation of powers doctrine by altering state penal provisions;

2. The Board violated the Cruel and Unusual Punishment Clause of the Eighth Amendment by increasing his quantum of punishment;

3. The Board violated his due process rights under the Fifth Amendment because he "is enduring an atypical hardship exceeding the normal incidents of prison life which in turn prompts a liberty interest springing from due process"; and,

4. His rights under the Fourteenth Amendment were violated because of a "lack of notice of restraint, when the punishment was increased beyond what was prescribed when the crime was consummated."

(Docket Entry No.1). Petitioner indicates in his Memorandum in Support of the Application for Writ of Habeas Corpus (Docket Entry No.2) that he does not seek release from incarceration; he seeks injunctive and declaratory relief that the Board violated his liberty interest and due process rights in mandatory supervision and expressly subverted parole suitability by its failure to properly apply state statutes. (*Id.*).

Respondent does not address any of the claims on the merits, but moves for summary judgment on the ground that this case is time-barred under the Antiterrorism and

---

[1] The district clerk actually recorded the petition as filed on December 6, 2006, but petitioner indicated that he executed the petition on December 4, 2006. For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). (Docket Entry No.16).

## Discussion

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

Petitioner's federal habeas petition is subject to the provisions of AEDPA. *Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

3

     removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Flanagan*, 154 F.3d at 198.

  Respondent contends that the limitations period in this case began on the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). Respondent contends, without objection, that the limitations period began on March 30, 2005, the date petitioner's parole was revoked. (Docket Entry No.16). No findings were entered by the state district court upon review of petitioner's state habeas application. Therefore, based on the record in this case, the Court finds that the limitations period began on March 30, 2005, and expired on March 30, 2006.

  Petitioner did not file a state habeas application until June 2, 2006, months after limitations expired; therefore, the tolling provisions found in § 2244(d)(2) do not apply. *Scott v.*

*Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Moreover, petitioner did not address the limitations issue in his response to the motion for summary judgment and did not request equitable tolling of the limitations period. Likewise, he has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, respondent is entitled to summary judgment as a matter of law.

## Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d

248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

## Conclusion

Accordingly, the court ORDERS the following:

1. Respondent's motion for summary judgment (Docket Entry No.16) is GRANTED.

2. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Docket No.1) is DENIED.

3. This cause of action is DISMISSED with prejudice.

4. A certificate of appealability is DENIED.

5. All other pending motions, if any, are DENIED.

It is so ORDERED.

SIGNED at Houston, Texas, this 22nd day of April, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE